UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAITLIN BERNARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01660-SEB-DML |
| | ) | |
| INDIVIDUAL MEMBERS OF THE | ) | |
| INDIANA MEDICAL LICENSING BOARD, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| THOMAS JEFFERSON UNIVERSITY | ) | |
| HOSPITAL, | ) | |
| | ) | |
| Interested Party. | ) | |

## ORDER OVERRULING DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER ON MOTION TO QUASH AND CROSS-MOTION TO COMPEL

This matter comes before the Court on Defendants' Objection to Magistrate

Judge's Order on Motion to Quash Subpoena and Cross-Motion to Compel [Dkt. 137].

Defendants object to the Order insofar as the Magistrate Judge granted the motion to

quash Defendants' 30(b)(6) deposition subpoena to non-party Thomas Jefferson

University Hospital (the "Hospital") as to topics 1–6 and 8 identified in Defendants'

subpoena.  For the reasons detailed below, Defendants' Objection is <u>OVERRULED</u>.

### Background

This litigation concerns the constitutionality of House Enrolled Act 1211 ("HEA

1211"), an Indiana abortion law enacted and made effective July 1, 2019 (the "Act"),

which criminalizes (except where necessary to save a mother's life or prevent "serious health risk to her") a doctor's performance of what the Act refers to as a "dismemberment abortion," which, although not a recognized medical term, is intended to and does encompass a medical procedure known as "dilation and evacuation" or "D&E," a procedure commonly and predominately used by doctors to end or abort a pregnancy in the second trimester.  The Act prohibits D&E when it is performed, as is customary, before steps are taken to first cause fetal demise.  In 2019, we preliminarily enjoined the Act's enforcement on grounds that the fetal demise requirement imposes a substantial undue burden on the right of a woman in Indiana to seek a previability abortion in the second trimester.  *See Bernard v. Individual Members of Indiana Medical Licensing Bd.*, 392 F. Supp. 3d 935, 964 (S.D. Ind. June 28, 2019).  The State of Indiana did not appeal that decision and HEA 1211 currently remains preliminarily enjoined.

In late December 2020, apparently after learning of a 2012 peer-reviewed study authored by doctors affiliated with the Hospital, titled "*Fetal Intracardiac Chloride Injection to Expedite Second-Trimester Dilation and Evacuation*," the State served a documents subpoena on the Hospital, seeking data and patient medical records underlying the Study; additional patient medical records where fetal demise was first induced and an abortion performed when the gestational age was less than 18 weeks; and any policies/procedures documents relating to performing abortions where fetal demise is first induced.[1]  The Hospital, after requesting additional time to respond to the State's

---

[1] Specifically, Defendants' discovery requests sought the following:

discovery requests and inquiring of the State regarding the relevance of the information sought, ultimately responded that it had conducted a reasonable investigation for responsive information and, other than a single document deemed responsive to the request for policies/procedures, it had none.  As to the lone document identified as responsive, the Hospital refused to produce it, principally on the ground that the document is not relevant to this litigation.

Dissatisfied with the Hospital's response, the State served a deposition subpoena seeking Rule 30(b)(6) testimony related to thirteen topics, including, as relevant here, the "process" the Hospital used to search for potentially relevant documents and to determine it had identified responsive documents [Topics 1–4]; the volume of documents located in attempting to identify responsive documents [Topic 5]; whether it searched "all hospital, departmental, individual healthcare provider documents, and individual patient medical records" [Topic 6]; and its system for maintaining records about abortions performed at 18 weeks or less gestation [Topic 8].  The Hospital filed a motion to quash the deposition subpoena and the State filed a cross-motion to enforce the subpoena and to compel the

---

- Request No. 1: All documents concerning complications related to the induction of fetal demise before abortions performed at [the Hospital] where the gestational age of the fetus was less than 18 weeks LMP [last menstrual period].
- Request No. 2: All policies, procedures, guidelines, instructions, or similar documents concerning the induction of fetal demise before abortions performed at [the Hospital].
- Request No. 3: The medical file for each patient who received an abortion at [the Hospital] where the gestational age of the fetus was less than 18 weeks LMP, and where fetal demise was induced before the abortion.
- Request No. 4: All medical data, including patient files, relied on in [the Study].  This request has no time limitation.

Hospital to produce the policies/procedures document.  The Hospital is not a named party in this litigation.

The Magistrate Judge addressed these discovery motions in a July 12, 2021 Order on Motion to Quash Subpoena and Cross-Motion to Compel (the "Order"), granting the Hospital's request to quash the deposition subpoena and granting the State's motion to compel the Hospital to produce the single responsive document it had identified but refused to turn over to the State.  Now before us is the State's objection to the Order to the extent that it granted the Hospital's motion to quash the deposition subpoena as to Topics 1–6 and 8 only.

## Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that the district court "must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or contrary to law."  A finding is clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed."  *Brown v. Plata*, 563 U.S. 493, 513 (2011).  This is an "extremely deferential standard."  *Elder Care Providers of Indiana, Inc. v. Home Instead, Inc.*, No. 1:14-CV-01984-SEB-MJD, 2017 WL 4250107, at *2 (S.D. Ind. Sept. 26, 2017); *see also*, *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006).

## Discussion

Defendants argue that the Magistrate Judge committed clear error in denying the State the opportunity to depose the Hospital regarding its search for records responsive to the State's document subpoena because: (1) the State established a sufficient basis to

4

inquire into the reliability of the Hospital's search for documents and its determination that only a single responsive document existed; and (2) having made such a showing, absent evidence that such a deposition inquiry would impose an undue burden on the Hospital, the motion to quash should have been denied. Because, for the reasons detailed below, we disagree with Defendants and find the Magistrate Judge's thorough and well-reasoned order to be neither clearly erroneous nor contrary to law, Defendants' objection is overruled.

The State first argues that permitting discovery regarding a party's efforts to locate and produce discovery is appropriate where a party's compliance efforts are "reasonably drawn into question," *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2017 WL 1325344, at *8 (D. Colo. Jan 3, 2017), and that the Magistrate Judge here erred by determining that there was insufficient evidence of bad faith or other misconduct by the Hospital in its efforts to comply with the State's discovery requests to justify further probing via deposition of the Hospital's search process and discovery responses. We are not persuaded by the State's argument.

In reaching her determination, the Magistrate Judge carefully considered and thoroughly addressed each argument advanced by the State regarding the Hospital's alleged bad faith, including, *inter alia*, what the State characterizes as the Hospital's "improper" delay in responding to the subpoena, "hostility" to the State's position, "improper" objections to discovery, and "evasive" and "inconsistent" statements during the meet and confer process. After a careful review of the facts, we see no clear legal or factual error in the Magistrate Judge's well-reasoned analysis, and, for the same reasons

set forth in the Order, are likewise not persuaded that the Hospital's conduct evinces a lack of good faith in its efforts to comply with the State's discovery requests.

Absent evidence of discovery failure, it was not error for the Magistrate Judge to conclude that requiring the Hospital to sit for a deposition to probe the veracity of its written discovery responses and the scope of its search process is not "proportional discovery" under Fed. R. Civ. P. 26, which rule governs the scope of discovery available via a Fed. R. Civ. P. 45 non-party subpoena.  As the Magistrate Judge explained, "[w]ithout some convincing basis for believing that a litigant has not approached its discovery obligations in good faith, this court does not require a litigant to provide testimony—via affidavit or deposition—about the tasks it undertook in looking for responsive information."  Dkt. 136 at 14.  Far from being clearly erroneous or contrary to law, this conclusion aligns with the broad powers Rule 45 provides courts to protect non-parties from undue burden or expense.  For these reasons, contrary to Defendants' contentions, the Magistrate Judge's Order is a correct exercise of the court's broad discretion in controlling discovery and is consistent with the Federal Rules of Civil Procedure.

## Conclusion

For the reasons detailed above, the Magistrate Judge's Order is neither clearly erroneous nor contrary to law.  Defendants' objection is therefore OVERRULED.

IT IS SO ORDERED.


Date: _____12/3/2021_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

6

Distribution:

Christopher Michael Anderson
INDIANA ATTORNEY GENERAL
christopher.anderson@atg.in.gov

H. Christopher Bartolomucci
SCHAERR &#124; JAFFE LLP
cbartolomucci@schaerr-jaffe.com

Andrew Beck
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
abeck@aclu.org

Meagan Marlis Burrows
AMERICAN CIVIL LIBERTIES UNION
mburrows@aclu.org

Julia Chapman
DECHERT LLP
julia.chapman@dechert.com

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Thomas M. Fisher
INDIANA ATTORNEY GENERAL
tom.fisher@atg.in.gov

Hope S. Freiwald
DECHERT LLP
hope.freiwald@dechert.com

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

Scott David Goodwin
SCHAERR JAFFE LLP
sgoodwin@schaerr-jaffe.com

Melinda Rebecca Holmes

INDIANA ATTORNEY GENERAL
melinda.holmes@atg.in.gov

Katherine V. Mackey
WILMER CUTLER PICKERING HALE AND DORR LLP
katherine.mackey@wilmerhale.com

Lori Martin
WILMER CUTLER PICKERING HALE AND DORR LLP
lori.martin@wilmerhale.com

Marissa Medine
WILMER CUTLER PICKERING HALE AND DORR LLP
marissa.medine@wilmerhale.com

Heather Nyong'o
WILMER CUTLER PICKERING HALE & DORR LLP
heather.nyong'o@wilmerhale.com

Julia Catherine Payne
INDIANA OFFICE OF THE ATTORNEY GENERAL
Julia.Payne@atg.in.gov

Jenny Pelaez
WILMER CUTLER PICKERING HALE AND DORR LLP
jenny.pelaez@wilmerhale.com

Joshua J. Prince
SCHAERR JAFFE LLP
jprince@schaerr-jaffe.com

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

Cristina Salcedo
WILMER CUTLER PICKERING HALE AND DORR LLP
cristina.salcedo@wilmerhale.com

Gene C. Schaerr
SCHAERR JAFFE LLP
gschaerr@schaerr-jaffe.com

Alan Schoenfeld
WILMER CUTLER PICKERING HALE AND DORR LLP
alan.schoenfeld@wilmerhale.com

Allyson Slater
WILMER CUTLER PICKERING HALE AND DORR LLP
allyson.slater@wilmerhale.com

Stefanie Tubbs
DECHERT LLP
stefanie.tubbs@dechert.com

Whitney Leigh White
AMERICAN CIVIL LIBERTIES UNION
wwhite@aclu.org