UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAITLIN BERNARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-01660-SEB-DML |
| | ) |
| INDIVIDUAL MEMBERS OF THE | ) |
| INDIANA MEDICAL LICENSING | ) |
| BOARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**Joint Status Report**

The parties, by their counsel, say that:

1. On September 15, 2021, this Court continued the trial setting in this case and ordered the parties to file a status report within two weeks of the Supreme Court's decision in *Dobbs v. Jackson Women's Health.* (Dkt. 151).

2. On June 24, 2022, the Supreme Court issued its decision in *Dobbs*, --U.S.--, 2022 WL 2276808 (June 24, 2022), overruling *Roe v. Wade*, 410 U.S. 113 (1973) and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992).

3. Based on the *Dobbs* decision the defendants moved this Court to vacate the preliminary injunction in this case (Dkt. 160), and plaintiff did not oppose the motion (Dkt. 162).

4.  On July 7, 2022, this Court granted defendants' motion and vacated the preliminary injunction. (Dkt. 164).

5.  Defendants' broader position is that, considering *Dobbs*, the Court should enter judgment for defendants, as *Dobbs* forecloses both plaintiff's right-to-abortion claim and her bodily-integrity claim. Defendants are this day filing a motion for judgment on the pleadings making that request.

6.  Plaintiff intends at this point to oppose defendants' motion for judgment on the pleadings. While plaintiff recognizes that *Dobbs* is conclusive of her undue-burden claim, she has also advanced a claim that requiring that she perform an unsafe and invasive procedure notwithstanding the existence of safe, well-recognized alternatives, violates the right to bodily integrity. This claim does not depend on the existence of a constitutional right to an abortion.

7.  Nonetheless, the Indiana General Assembly has announced that it will begin a special session, beginning on July 25, 2022, to alter existing Indiana laws concerning abortions and plaintiff recognizes that the legislature's actions may affect her bodily-integrity claim. Given this, plaintiff contends that it would serve no purpose to proceed with this case until the state of the law in Indiana concerning abortion is clear, and this will not be known until the conclusion of the legislative session.

8.  Plaintiff requests that the Court order a further status report within two weeks of the end of the special legislative session, currently set to begin on July 25, 2022.

WHEREFORE, the parties file their Joint Status Report.

| | |
|---|---|
| Kenneth J. Falk | s/ *Thomas M. Fisher* |
| ACLU of Indiana | (w/ permission) |
| 1031 E. Washington St. | Thomas M. Fisher |
| Indianapolis, IN 46202 | Solicitor General |
| 317/635-4059 | Office of the Attorney General |
| fax: 317/635-4105 | IGCS-5th Floor |
| 317/635-4059 | 302 W. Washington St. |
| | Indianapolis, IN 46204 |
| | 317/232-6255 |
| | fax: 317/232-7979 |
| Attorney for Plaintiff | Attorney for Defendants |

[3]